# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

300 FANNIN STREET, SHREVEPORT, LA. 71101

**HUEY P. GARDNER**
PLAINTIFF

VS.

**CADDO PARISH DISTRICT ATTORNEY**
( IN HIS OFFICIAL CAPACITY AS THE DISTRICT ATTORNEY FOR CADDO PARISH, LOUISIANA)
AND

**KODIE K. SMITH, ASSISTANT DISTRICT ATTORNEY** ( IN HIS OFFICIAL CAPACITY AS ASSISTANT DISTRICT ATTORNEY FOR THE DISTRICT ATTORNEY OF CADDO PARISH, LOUISIANA.)
DEFENDANTS

PLEASE BE ADVISED THIS IS A LAW SUIT FOR DAMAGES ARISING FROM THE FOLLOWING:

WILLFUL AND INTENTIONAL VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION

MILICIOUS PROSECUTION

FALSE CONVICTION

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

SLANDER AND DEFAMATION OF CHARACTER

THESE OFFENSES WERE COMMITED BY THE ASSISTANT DISTRICT ATTORNEY KODIE K. SMITH OF THE CADDO PARISH DISTRICT ATTORNEY'S OFFICE IN CADDO PARISH, LOUISIANA WHEN SAID ASSISTANT DISTRICT ATTORNEY KNOWINGLY AND INTENTIONALLY PROSECUTED PLAINTIFF ON CHARGES HE ALREADY KNEW THE PLAINTIFF WAS NOT GUILTY OF: CRIMINAL TRES PASSING :LSA-R.S. 14:63 AND — RESISTING AN OFFICER: LSA-RS 14:108.

ON THE WITNESS STAND THE STATE'S MOST IMPORTANT WITNESS, THE ARRESTING OFFICER GLYN M. BEST, SAID NO LAW WAS BROKEN WHEN THE PROSECUTER ASKED HIM WHAT LAW DID MR. GARDNER BREAK: AT THAT POINT THE TRIAL SHOULD HAVE STOPPED AND THE PROSECUTER SHOULD HAVE DISMISSED THE CHARGES, BUT HE DID' NT.

## NARATIVE.

THESE OFFENSES STEM FROM AN ABDUCTION OF PLAINTIFF UNDER THE GUISE OF AN ARREST COMMITTED BY OFFICER GLYN M. BEST OF THE LOUISIANA STATE UNIVERSITY CAMPUS POLICE LOCATED AT LOUISIANA STATE UNIVERSITY IN SHREVEPORT AND THE PROSECUTION OF PLAINTIFF .

PLAINTIFF WAS ON THE CAMPUS OF LOUISIANA STATE UNIVERSITY IN SHREVEPORT,LOUISIANA HEADED TO THE LIBRARY, WHEN GLYN M. BEST, A CAMPUS POLICE OFFICER , ARRESTED PLAINTIFF FOR MERELY BEING ON CAMPUS ON THE CHARGE OF **CRIMINAL TRES PASSING :LSA-R.S. 14:63 A PRIVATE PROPERTY STATUTE.**

**HE ALSO CHARGED PLAINTIFF WITH LSA-RS 14:108 — RESISTING AN OFFICER:** THE OFFICER WAS NOT IN THE PERFORMANCE OF HIS DUTY AS REQUIRED BY THIS STATUTE. HIS DUTY IS LAW ENFORCEMENT: **HE WAS NOT ENFORCING THE LAW WHEN HE ARRESTED PLAINTIFF.** HE CAN NOT BAN LAW ABIDING CITIZENS FROM PUBLIC PROPERTY JUST BECAUSE HE WANTS TO. **HE SAID ON THE WITNESS STAND THAT NO LAW WAS BROKEN.** PLAINTIFF WAS INCARCERATED FOR APPROX. TWO AND A HALF DAYS AT THE CADDO PARISH CORRECTIONAL CENTER FROM FEBRUARY 11, 2011 UNTIL LATE FEBRUARY 13TH 2011 IN SOLITARY CONFINEMENT

**THE CONVICTION IN THIS CASE HAS BEEN VACATED** AND PLAINTIFF REQUEST DAMAGES IN THE AMOUNT OF 15 MILLION DOLLARS FOR THE FOLLOWING:

## SLANDER AND DEFAMATION OF CHARACTER

WHEN **KODIE K. SMITH,THE ASSISTANT DISTRICT ATTORNEY, PROCEEDED WITH THE ILLEGAL PROSECUTION OF THE DEFENDANT HE GAVE A FALSE SENSE OF CREDIBILITY TO THE DISHONORABLE ACTIONS OF OFFICER BEST: THESE ACTIONS INCLUDE AMONG OTHER THINGS** FILING A FALSE POLICE REPORT WHICH SLANDERED PLAINTIFF BY MAKING FALSE ACUSATIONS THAT OFFICER BEST KNEW WERE FALSE BEFORE HE SIGNED AND FILED THE REPORT; A FALSE CONVICTION THAT WOULD NOT HAVE OCCURRED IF OFFICER BEST HAD NOT FILED THE FALSE POLICE REPORT: PLAINTIFF NOW HAS A RECORD ON FILE AND MOST LIKELY ON THE INTERNET SOMEWHERE: **BEFORE THIS PLAINTIFF HAD NO RECORD AT ALL AND HAD NEVER HAD ONE.** A CHARGE OF RESISTING AN OFFICER MAY CAUSE SOME PEOPLE TO BELIEVE PLAINTIFF FIGHTS POLICE OFFICERS ,WHO ARE JUST TRYING TO DO THEIR JOB. THIS CHARGE IS MORE SERIOUS IN APPERANCE POTENTIALLY THAN IT MAY SEEM. WHAT IF PLAINTIFF WAS STOPPED IN SOME OTHER CITY FOR A TRAFFIC VIOLATION OR AT SOME CHECK POINT AND THE OFFICER DOING THE CHECK SAW THE CHARGE OF "RESISTING AN OFFICER" ON HIS SCREEN,WHAT WOULD HE THINK?WOULD HE THINK PLAINTIFF HAD A HOSTILE ATTITUDE

AND IS QUICK TEMPERED AND THEREFORE BECOME UNNECESSARILY CAUTIOUS AND CONCERNED OR WHAT WOULD AN EMPLOYER THINK WHO DOES BACK GROUND CHECKS, THE EMPLOYER MAY NEVER EVEN CALL PLAINTIFF BACK AND PLAINTIFF MAY NEVER KNOW THAT THE "CHARGE OF RESISTING AN OFFICER" IS THE REASON PLAINTIFF DID NOT GET THE JOB OR CONTRACT. THIS LOOKS BAD, PEOPLE DO NOT ALWAYS CHECK FOR THE DETAILS.

**CONSTITUTIONAL RIGHTS VIOLATION: THE ASSISTANT DISTRICT ATTORNEY KODIE K. SMITH** VIOLATED PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS WHEN HE FAILED TO PROVIDE EQUAL PROTECTION UNDER THE LAW: WHEN HE FACILITATED AND CARRIED OUT THE ILLEGAL PROSECUTION OF THE DEFENDANT AND CAUSED THE DEFENDANT TO BE SLANDERED BY THE SAME.

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:KODIE K. SMITH AND** OFFICER BEST KNEW LONG BEFORE TRIAL THAT PLAINTIFF HAD VIOLATED NO LAW,YET HE FILED THE "BILL OF INFORMATION" ANYWAY AND REPEATEDLY CAME TO COURT TO ENFORCE THE CHARGES HE MADE ALL THE WAY UPTO AND INCLUDING THE TRIAL , AND OBTAINED A FALSE AND BOGUS CONVICTION AT THE EXPENSE OF THE PLAINTIFF. EACH APPEARANCE AT THE COURTHOUSE LEADING UPTO AND INCLUDING THE TRIAL OF PLAINTIFF WAS NOTHING BUT HARASSMENT BY OFFICER BEST AND KODIE K. SMITH ,THE ASSISTANT DISTRICT ATTORNEY, IN AN ATTEMP TO INTIMIDATE PLAINTIFF INTO AGREEING TO SOME TYPE OF PLEA OF GUILTY, BUT PLAINTIFF NEVER PLEAD GUILTY ,BECAUSE HE WAS'NT.

**MILICIOUS PROSECUTION:** THE ASSISTANT DISTRICT ATTORNEY ,KODIE K. SMITH KNEW BEFORE HE EVER FILED THE CHARGES: CRIMINAL TRESPASSING AND RESISTING AND OFFICER, THAT NO LAW HAD BEEN BROKEN, BUT HE FILED THE CHARGES AND WILLFULLY AND INTENTIONALLY PURSUED A CONVICTION, IN AN ATTEMP TO INTIMIDATE PLAINTIFF IN TO PLEADING GUILTY AND WHEN IT DID NOT WORK HE ALLOWED THE MATTER TO PROCEED TO TRIAL ,WHERE HE OBTAINED A FALSE CONVICTION ON ERRONIOUS CHARGES. HE ABUSED THE TRUST OF THE CITIZENRY AND CAST ASIDE THE HONOR ASSOCIATED WITH THE TITLE THAT WERE ENTRUSTED TO HIM BY THE TAXPAYER. HE AS AN AGENT AND/OR EMPLOYEE OF THE DISTRICT ATTORNEY OF CADDO PARISH, LOUISIANA MAKES HIM AND HIS OFFICE LIABLE: THEY SHOULD HAVE KNOWN OF HIS ACTIONS BEFORE TRIAL AND STOPPED HIM, BUT THEY DID'NT AND THAT MAKES THEM CONSPIRATORS AND THUS RESPONSIBLE FOR HIS BEHAVIOR AND THEIRS.

**PLAINTIFF ALSO REQUEST PUNITIVE DAMAGES** IN THE AMOUNT OF 20 MILLION DOLLARS DUE TO THE INTENTIONAL AND CRIMINAL

ACTIONS OF THE ASSISTANT DISTRICT ATTORNEY ,KODIE K. SMITH AND THE CADDO PARISH DISTRICT ATTORNEY AND HIS OFFICE FAILURE TO INTERVENE DURING THE ENTIRE THREE MONTHS AND SEVEN DAYS IT TOOK FOR THIS MATTER TO GO TO TRIAL.

PUNITIVE DAMAGES SHOULD BE AWARDED TO DISCOURAGE WRONG DOING, INTENTIONAL ABUSE OF AUTHORITY AND TO SEND A STRONG MESSAGE OF DISAPPROVAL TO THE DEFENDANTS AND THOSE WHO WOULD CONSIDER COMMITTING SUCH ACTS IN THE FUTURE. THE CRIMINAL AND INTENTIONAL VIOLATION OF THE LAW AND THE CONSTITUTIONAL RIGHTS OF THE PLAINTIFF IN THIS CASE WARRANT SUBSTANTIAL PENALTIES AND WILL HELP RESTORE THE FAITH OF THE PUBLIC IN THE LEGAL SYSTEM, KNOWING IF ONE PART COMMITS A WRONG ,ANOTHER WILL CORRECT IT.

SUBMITTED ORIGINALLY ON THIS  30  DAY OF  Jan  , 2014 IN CADDO PARISH, LOUISIANA.

_____
**HUEY P. GARDNER, Plaintiff**

**1631 Princess Elaine Drive Shreveport, Louisiana 71107**

Plaintiff's Address