UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HUEY P. GARDNER　　　　　　　　　　　　CIVIL ACTION NO. 14-cv-0154

VERSUS　　　　　　　　　　　　　　　　　JUDGE HICKS

KODIE K. SMITH, ET AL　　　　　　　　　　MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

This is one of *eight* civil actions that self-represented Huey P. Gardner ("Plaintiff") has filed in this court in the last two years. His complaint in this action names as defendants the Caddo Parish District Attorney and Assistant DA Kodie K. Smith. Plaintiff complains that he was arrested by a campus police officer at LSU-S on charges of criminal trespassing and resisting an officer, and ADA Smith prosecuted the case and obtained a conviction despite alleged knowledge that Plaintiff was not guilty. Plaintiff does not detail the proceedings, but he does allege the conviction has been vacated. He requests $15,000,000 in damages for malicious prosecution, false conviction, and the like, plus $20,000,000 in punitive damages.

State prosecutors "enjoy absolute immunity for actions taken in the presentation of the state's case, from the professional evaluation of the evidence, to the initiation of the prosecution, and throughout the judicial process." Brown v. Dove, 519 Fed. Appx. 237 (5th Cir. 2013); Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). Acts "undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute

immunity." Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2615 (1993). The acts entitled to immunity "include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial ... ." Id. This broad immunity "applies even if the prosecutor is accused of knowingly using perjured testimony." Boyd, 31 F.3d at 285.

The allegations against the prosecutor in this complaint all concern his decision to prosecute the case and his presentation of the evidence at trial. These actions fall squarely within the scope of absolute prosecutorial immunity. The complaint against the DA and ADA must, therefore, be dismissed.

Plaintiff has been allowed to proceed in forma pauperis in his cases. Each of his eight civil actions thus far has been dismissed at the preliminary stages due to failure to state a claim, untimeliness, immunity of the defendants, and the like. Plaintiff has also filed a number of meritless motions in his various cases. The court has the authority and discretion to impose reasonable penalties on those who abuse the judicial process. Plaintiff is warned that if he files another meritless action he will be subject to such penalties, including the denial of the ability to proceed as a pauper and the requirement that any complaint tendered by him be approved in writing by a district judge before it may be filed. Such sanctions are not recommended at this time, but Plaintiff is placed on notice that they are almost certain to be imposed if he continues to file abusive litigation.

Accordingly,

**IT IS RECOMMENDED** that the complaint be **dismissed** for failure to state a claim on which relief may be granted.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of February, 2014.

Mark L. Hornsby
U.S. Magistrate Judge